

S. MARTIN TEEL, JR.
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

-------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
Fitzgerald Walton and Annie F. Walton               :    Case No. 13-25464
        **Debtors.**                                :
                                                    :
-------------------------------------------------------------X

## ORDER CONFIRMING CHAPTER 11 PLAN

      Upon consideration of the Chapter 11 Plan of Reorganization (the "Plan", Docket Entry #84) filed by Fitzgerald Walton and Annie F. Walton (the "Debtors"); and any objections thereto; and upon consideration of the evidence and arguments presented to the Court at a hearing held on October 5, 2015, and it appearing that the relief granted herein is in the best interests of the bankruptcy estate, its creditors and other parties in interest; and upon due deliberation, good and sufficient cause appearing,

IT IS HEREBY FOUND THAT:

      A. The Debtors properly served the Plan, the related Disclosure Statement, an applicable ballot, the Order Approving Disclosure Statement and Notice of Hearing on Confirmation of the Plan on all creditors and other parties in interest consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules;

B. Notice of the hearing on confirmation of the Plan was proper and no further notice is required.

C. All parties in interest have had the opportunity to object to the relief granted by this Order.

D. The Plan, as modified herein, satisfies all of the requirements of Sections 1123 and 1129 of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. To the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated on the record of the hearing, all such objections are hereby OVERRULED.

2. As the modifications to the Plan as set forth in this Order have no adverse impact on creditors, no further notice or disclosure is required.

3. The DEBTORS' CHAPTER 11 PLAN Dated August 5, 2015 (Docket #84), is CONFIRMED as modified as set forth herein:

    A. Article 3.5 of the Plan is amended to read:

<u>Class C (Nationstar secured claim on 6027 1st Ave., Deale MD)</u>: The secured claim of Nationstar Mortgage, LLC (Proof of Claim #10), which is secured by a first priority deed of trust against 6027 1st Ave., Deale MD, shall be valued under 11 U.S.C. § 506(a) at $377,111.08 as of the effective date of the plan. The balance of the claim shall be an unsecured Class F1 claim. The principal balance of the Class C claim, $377,111.08, shall accrue interest at 4.5% p.a., and shall be amortized and paid over 40 years from the Effective Date.

    B. Article 3.4 of the Plan is amended to read:

<u>Class B (Wells Fargo Secured Claim on 8305 Gullane Court)</u> Class B consists of the secured claim of Wells Fargo (Proof of Claim #12) secured against Debtors' residence. This claim shall be paid in accordance with the contractual terms thereof, except as provided for herein. The prepetition arrears and any postpetition arrears through the effective date (estimated to be $61,318.23 as of 10/30/2015) shall be cured, with interest on the principal portion thereof at the contract rate, in monthly installments of $500 for the first 36 months, $750 for the next 24 months, and $1000 per month thereafter, until paid, due concurrently (including grace periods) with each regular mortgage payment coming due after the effective date of the plan. Notwithstanding anything in the first

paragraph of Article IX of this Plan, the default remedies in the loan documents shall apply with respect to the *in rem* remedies of the Class B Claim, provided that the existing default is waived provided payments are made as set forth herein.

4.	The Debtors are authorized and empowered to issue, execute and deliver such documents and instruments and to take such action as may be necessary to implement the Plan and the actions authorized by this Order.

5.	Notwithstanding anything to the contrary, this Court retains jurisdiction in this bankruptcy case in accordance with the provisions set forth in Article V of the Plan.

6.	Within 7 days of entry of this Order, Counsel for Debtors shall mail copies of this Order to all parties on the Matrix who are not served by CM/ECF and shall file a Certificate of Mailing.

CC:

Debtors
Counsel for Debtors (by CM/ECF)
U.S. Trustee (by CM/ECF)

END OF ORDER